**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-4222**

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

IRVING BENNERMAN,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:13-cr-00091-BO-1)

───────────────

Submitted:  October 23, 2014          Decided:  October 30, 2014

───────────────

Before KING, AGEE, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irving Bennerman pled guilty to possession of a firearm by a person previously convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court determined that Bennerman qualified as an armed career criminal and sentenced him to 210 months' imprisonment. Bennerman appeals his sentence, challenging his classification as an armed career criminal. Finding no error, we affirm Bennerman's sentence.

We review de novo a district court's determination of whether prior offenses qualify as violent felonies for purposes of the Armed Career Criminal Act ("ACCA"). United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1) (2012). Bennerman concedes that he had two prior convictions that qualify as predicate offenses under the ACCA. He challenges the determination that his conviction of first degree robbery in Connecticut qualifies as a violent felony offense. He asserts that the statute, Conn. Gen. Stat.

2

§ 53a-134(a), penalizes more than just the crime of robbery, but can apply equally to an accessory after the fact.[*]

A violent felony is a crime that is punishable by more than one year of imprisonment and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B) (2012).

The statute under which Bennerman was convicted provides:

> A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:  (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

Conn. Gen. Stat. § 53a-133.  Further, for first degree robbery, the statute has the additional requirements that, "in the course

---

[*] During the sentencing hearing, the Government argued that Bennerman had two prior offenses that would satisfy the ACCA violent felony requirement:  first degree robbery and second degree assault, both in Connecticut.  In designating Bennerman an armed career criminal, the district court did not explain on which conviction it was relying.  However, because the first degree robbery conviction is a violent felony, as explained infra, the district court's designation was not erroneous.

3

of the commission of the crime of robbery . . . or of immediate flight therefrom, he or another participant in the crime" causes serious physical injury to a non-participant in the crime, is armed with a deadly weapon, uses or threatens to use a dangerous instrument, or displays or threatens the use of what he represents to be a gun. Conn. Gen. Stat. § 53-134(a).

Bennerman argues that this statute would cover a person who participates as an accessory after the fact. He contends, therefore, that the statute covers "far more conduct than the generic crime" of robbery, and thus, cannot constitute a "violent felony" for purposes of the armed career criminal enhancement. See Descamps v. United States, 133 S. Ct. 2276, 2286 (2013).

To the contrary, the Connecticut first degree robbery statute requires either the defendant or another participant to display or threaten the use of a firearm. An accessory after the fact is not a participant in the crime, but only becomes involved after the commission of a robbery. See Connecticut v. Montanez, 894 A.2d 928, 939-40 (Conn. 2006) (noting that an accessory after the fact is a person who "rendered assistance after the crime was complete.") (emphasis added). Because the crime of first degree robbery in Connecticut has, "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), the

4

district court properly determined that Bennerman's conviction for first degree robbery constitutes a violent felony. See United States v. Wiggans, 530 F. App'x 51 (2d Cir. 2013) (upholding use of Connecticut first degree robbery conviction as predicate for ACCA classification), cert. denied, 134 S. Ct. 1565 (2014).

Accordingly, we affirm Bennerman's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5