**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7222**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY SELLERS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:08-cr-00944-MBS-21; 5:14-cv-02056-MBS)

_____

Submitted: June 22, 2016        Decided: July 25, 2016

_____

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed in part, reversed in part, dismissed in part, and remanded by unpublished per curiam opinion.

_____

Anthony Sellers, Appellant Pro Se. Jimmie Ewing, John David Rowell, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Sellers appeals the district court's judgment denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability and ordered supplemental briefing on two issues: (1) whether counsel was ineffective by failing to challenge Count 41 of the indictment as duplicitous, and (2) whether counsel was ineffective by failing to argue that Sellers' convictions on Counts 37 and 41 violated double jeopardy. For the reasons that follow, we affirm in part, reverse in part, dismiss in part, and remand to the district court with instructions to vacate the conviction and sentence on Count 37 and to enter an amended judgment.

I.

As we stated in Sellers' direct appeal:

> On August 14, 2008, Sellers was stopped by police for an improper lane change while driving. Upon approaching the vehicle, Officers Phillip Furtick and Terry Logan noticed a strong odor of marijuana. Officer Furtick asked Sellers and his passenger to step out of the vehicle, at which point Sellers admitted to there being marijuana inside the vehicle. Officer Logan also observed a partially hidden bag of what appeared to be cocaine under the passenger seat as the passenger exited the vehicle. The police officers then placed Sellers and his passenger under arrest and searched the vehicle. The search uncovered marijuana, cocaine, a pistol, and roughly $3,000.

United States v. Sellers, 512 F. App'x 319, 323 (4th Cir. 2013) (No. 10-4701).

2

Sellers was convicted following a jury trial of—among other offenses—possession with intent to distribute a quantity of cocaine (Count 37), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and 18 U.S.C. § 2 (2012), and possession with intent to distribute and distribution of a quantity of cocaine within 1000 feet of a school (Count 41), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a) (2012), and 18 U.S.C. § 2. Both convictions stemmed from the August 14, 2008, traffic stop. The district court sentenced Sellers to concurrent sentences of 360 months and 720 months on Counts 37 and 41, respectively, to be served concurrently with his mandatory life sentence on a related drug conspiracy conviction. The court imposed separate special assessments for Counts 37 and 41. We affirmed the district court's judgment on appeal. Sellers, 512 F. App'x at 333.

Sellers timely filed a § 2255 motion, asserting the claims on which we granted a certificate of appealability. The district court denied the motion, finding that Sellers was not prejudiced by any errors of counsel as to Counts 37 and 41 because Sellers' ultimate sentence was unaffected by these convictions.

## II.

"We review de novo a district court's legal conclusions in denying a § 2255 motion," including "any mixed questions of law

3

and fact addressed by the court as to whether the petitioner has established a valid Sixth Amendment ineffective assistance claim." United States v. Ragin, __ F.3d __, __, No. 14-7245, 2016 WL 930202, at *5 (4th Cir. Mar. 11, 2016). To succeed on his ineffective assistance of counsel claims, Sellers "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the first part of the test, he must demonstrate "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. To satisfy the second hurdle, Sellers must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## A.

Sellers first contends that counsel should have argued that Count 41 was duplicitous. The Government responds that § 860(a) creates various means by which the offense can be committed—rather than creating separate offenses—and that, because the indictment was not duplicitous, counsel was not ineffective.

"Duplicity is defined as the joining in a single count of two or more distinct and separate offenses." United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985) (internal quotation marks omitted). "Duplicitous indictments present the risk that

4

a jury divided on two different offenses could nonetheless convict for the improperly fused double count." United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010).

"[P]ossession with intent to distribute and distribution . . . are two different offenses," each requiring proof of an element that the other does not. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999); see Hawkes, 753 F.2d at 358 ("[W]here separate evidence is required to prove two charges arising from the same factual situation such charges are separate offenses." (internal quotation marks omitted)). However, "to join possession and distribution . . . in one count may not be duplicitous" where a single act constitutes two violations of the same subsection of § 860(a). Hawkes, 753 F.2d at 357 (internal quotation marks omitted).

We conclude that Sellers was not prejudiced by counsel's failure to raise this argument, although we reach this conclusion on grounds different than those relied upon by the district court. We conclude that Sellers did not establish prejudice. See Strickland, 466 U.S. at 694. The Government's evidence overwhelmingly established Sellers' possession with intent to distribute. While it is possible—indeed likely—that jurors believed Sellers possessed the cocaine with intent to distribute it, but did not distribute any cocaine on August 14, 2008, it is unlikely that any juror believed Sellers distributed

5

cocaine on that date but did not possess cocaine with intent to distribute it. Cf. United States v. Kakos, 483 F.3d 441, 445 (6th Cir. 2007) (upholding conviction on single count that charged two offenses where, based on trial evidence, "[t]here [was] . . . no risk that the jury was not unanimous in its belief that Defendant [committed one offense and not the other]"). We therefore affirm the district court's denial of relief on this claim.

B.

Sellers further argues that the district court erroneously relied on his mandatory life sentence on a related count when it concluded that, even if counsel had raised and succeeded on a double jeopardy challenge regarding the imposition of multiple punishments for Counts 37 and 41, Sellers could not show prejudice. We agree with Sellers.

The Double Jeopardy Clause of the Fifth Amendment "prohibits the government from subjecting a person to 'multiple punishments for the same offense.'" United States v. Schnittker, 807 F.3d 77, 81 (4th Cir. 2015) (quoting Ohio v. Johnson, 467 U.S. 493, 498 (1984)). "[T]wo different statutes define the 'same offense[]'" when "one is a lesser included offense of the other." Rutledge v. United States, 517 U.S. 292, 297 (1996) (internal quotation marks omitted). Because "[§] 841(a) is a lesser included offense of § 860(a)," United

6

States v. Parker, 30 F.3d 542, 553 (4th Cir. 1994),[*] Sellers has demonstrated that counsel should have objected to the multiple convictions and sentences.

Moreover, counsel's failure to object prejudiced Sellers. The imposition of a special assessment is itself punishment. Rutledge, 517 U.S. at 301-03. Thus, the imposition of two $100 special assessments for Counts 37 and 41 constitutes multiple punishments for the same offense, and counsel's failure to argue that one of the convictions must be vacated prejudiced Sellers. As the Government concedes, when two statutes proscribe the same offense, "'the only remedy . . . is for the District Court . . . to exercise its discretion to vacate one of the underlying convictions' as well as the concurrent sentence based upon it." Rutledge, 517 U.S. at 301-02 (quoting Ball v. United States, 470 U.S. 856, 864 (1985)). We thus reverse the district court's denial of relief on the double jeopardy claim, and remand to the district court with instructions to vacate Sellers' conviction and sentence on Count 37 and to enter an amended judgment omitting that count.

---

[*] See also 21 U.S.C. § 860(a) ("Any person who violates [§] 841(a)(1) of this title . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance . . . within one thousand feet of [a school] . . . is subject to" enhanced mandatory minimum sentences (emphasis added)).

III.

Accordingly, we affirm in part, reverse in part, and remand to the district court with instructions to vacate Sellers' conviction and sentence on Count 37 and to enter an amended judgment. We deny a certificate of appealability as to Sellers' remaining claims and dismiss that portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
REVERSED IN PART;
DISMISSED IN PART;
AND REMANDED