**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2440**

MARTHA CARLSON,

                    Plaintiff - Appellant,

          and

ROMONA WINEBARGER; REX WINEBARGER,

                    Plaintiffs,

          v.

BOSTON SCIENTIFIC CORPORATION,

                    Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:15-cv-00057-RLV-DCK; 3:15-cv-00211-RLV-DCK)

Argued:  March 24, 2017                    Decided:  May 9, 2017

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion, in which Judge Duncan and Judge Keenan joined.

**ARGUED:** William Louis Hurlock, MUELLER LAW, PLLC, Montclair, New Jersey, for Appellant.  Daniel Brandon Rogers, SHOOK, HARDY & BACON L.L.P., Miami, Florida, for Appellee.  **ON BRIEF:** Andres C. Pereira, Rachael K. Jones, David Martin, MUELLER LAW, PLLC, Austin, Texas, for Appellant.  Leslie C. Packer, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellee.

THACKER, Circuit Judge:

After her doctor prescribed and implanted a transvaginal mesh product that Boston Scientific Corporation ("Appellee") manufactured, Martha Carlson ("Appellant") sued the company, alleging that the mesh injured her and that Appellee failed to warn of risks associated with the mesh. After joining a Multidistrict Litigation ("MDL") with respect to alleged risks involving transvaginal mesh products, Appellant lost her failure to warn claim at summary judgment because, per the MDL court, Appellant did not present evidence that any allegedly inadequate warnings caused her injuries. After the case was transferred to a district court for trial on the remaining claims, Appellant moved the district court to reconsider the summary judgment award based on evidence Appellant failed to cite during summary judgment briefing in the MDL court. The district court denied the motion. And, after losing at trial, Appellant timely appealed. Because we conclude that neither the summary judgment award nor the denial of Appellant's motion for reconsideration was erroneous, we affirm.

I.

This case is one of the tens of thousands of cases that have proceeded through an MDL concerning transvaginal surgical mesh as treatment for pelvic organ prolapse and stress urinary incontinence.[1] Appellant alleges that on July 16, 2010, Doctor Michael

---

[1] "Pelvic organ prolapse (POP) occurs when the organs inside the pelvis, such as the uterus, urethra, or bladder, protrude toward or through the opening of the vagina. POP can be thought of as a 'female hernia.'" *Pelvic Organ Prolapse*, Weill Cornell Med. Urology, https://urology.weillcornell.org/pelvic-organ-prolapse (last visited April 18, 2017) (saved as ECF Opinion Attachment). "Urinary incontinence is any involuntary (Continued)

Kennelly prescribed and implanted in Appellant one of these mesh devices: the Uphold Vaginal Support System that Appellee manufactured. As a result, Appellant alleges the mesh caused injuries including pain, recurrent pelvic organ prolapse, bladder prolapse, incontinence, and urinary and bowel problems. Appellant brought a host of claims against Appellee, including failure to warn of the dangers associated with the mesh, which is the only claim at issue in this appeal.

Appellee moved for summary judgment in the MDL court. In opposition, Appellant submitted excerpts from Dr. Kennelly's deposition testimony purporting to show that any warnings Appellee provided were inadequate. Appellant also submitted her own affidavit stating that if she had known that the mesh "could result in life changing conditions, [she] would not have agreed to the procedure." J.A. 263.[2] The MDL court dismissed the failure to warn claim, reasoning that because Appellant did not present evidence that Dr. Kennelly read or relied on the Directions for Use ("DFU") accompanying the mesh, which contained the allegedly inadequate warnings, Appellant could not prove that any alterations to those warnings could have impacted Dr. Kennelly's course of treatment. The MDL court thus concluded that Appellant failed to

---

leakage of urine," and stress urinary incontinence involves "leakage with physical activity." *Urinary Incontinence*, Weill Cornell Med. Urology, https://urology.weillcornell.org/urinary-incontinence (last visited April 18, 2017) (saved as ECF Opinion Attachment).

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

create a triable issue of fact as to whether Appellee's allegedly inadequate warning proximately caused her injuries. The MDL court therefore awarded summary judgment to Appellee on the failure to warn claim but allowed other claims to proceed.[3]

After completing pretrial proceedings on the remaining claims, the MDL court transferred the case to the district court for the Western District of North Carolina for trial. Pursuant to Federal Rule of Civil Procedure 54(b), Appellant moved for reconsideration of the MDL court's partial summary judgment ruling on the failure to warn claim. In an attempt to bolster her motion, Appellant again invoked Dr. Kennelly's deposition but proffered additional excerpts that she failed to cite during summary judgment briefing in the MDL court. Per these additional excerpts, Appellant attempted to bridge the gap the MDL court considered fatal to her ability to prove proximate cause. The newly cited excerpts provided that Dr. Kennelly was familiar with and reviewed the DFU before implanting Appellant's mesh. The district court nevertheless denied the motion to reconsider, ruling that despite the additional evidence, Appellant could not prove that any inadequate warnings proximately caused her injuries. In doing so, the district court emphasized Dr. Kennelly's deposition testimony affirming his "professional opinion . . . that the [mesh] is a safe and effective option for the treatment of pelvic organ prolapse in certain cases." J.A. 623 (internal quotation marks omitted).

---

[3] The MDL court also dismissed claims for strict liability for manufacturing defect, strict liability for design defect, strict liability for failure to warn, negligent failure to warn, negligent manufacturing, breach of express warranty, breach of implied warranty for a particular purpose, and fraudulent concealment, but the court allowed Appellant's claims for negligent design and breach of implied warranty of merchantability to proceed.

After Appellee defeated the remainder of Appellant's claims at trial, Appellant timely appealed. Appellant now challenges the MDL court's partial summary judgment award and the district court's denial of her motion to reconsider the same.

II.

We first consider the MDL court's partial summary judgment award, which we review de novo. *See Pegg v. Hernberger*, 845 F.3d 112, 117 (4th Cir. 2017). We must uphold such award if, construing the facts in Appellant's favor as the nonmoving party, no material facts are in dispute and Appellee is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Pegg*, 845 F.3d at 117. The parties agree that North Carolina law controls our analysis.

In North Carolina, a failure to warn claim requires the plaintiff to prove that the defendant unreasonably failed to provide an adequate warning, such failure was the proximate cause of the plaintiff's damages, and the product "posed a substantial risk of harm" without an adequate warning either at the time of or after leaving the manufacturer's control. N.C. Gen. Stat. Ann. § 99B-5(a). Thus, even assuming the warnings in connection with the DFU were inadequate, Appellee is only liable if such inadequate warnings proximately caused Appellant's injuries. *See Evans v. Evans*, 569 S.E.2d 303, 306–07 (N.C. App. 2002). Proof of proximate cause requires evidence that Appellant or her treating physician relied on the DFU. *See Holley v. Burroughs Wellcome Co.*, 330 S.E.2d 228, 233 (N.C. App. 1985).

In opposition to summary judgment, Appellant submitted an affidavit stating she would not have used the mesh had she known of its risks. Appellant also provided

excerpts of Dr. Kennelly's deposition testimony in an attempt to demonstrate that additional information regarding risks could have impacted his decision as an implanting surgeon. Yet Appellant cited *zero* evidence establishing that either she or Dr. Kennelly so much as read the allegedly inadequate warning in the DFU. The portions of Dr. Kennelly's testimony to which Appellant cited attempted to establish the inadequacy of the warnings in the DFU, but importantly, those portions *did not* indicate that if the DFU included an adequate warning, Dr. Kennelly would have read it. Therefore, Appellant woefully failed to meet her burden of production in opposition to summary judgment to establish a triable issue of fact as to proximate cause. *See Evans*, 569 S.E.2d at 306–07; *Holley*, 330 S.E.2d at 233.

In further attempt to resuscitate her case in her motion for reconsideration, Appellant cited to additional excerpts from Dr. Kennelly's deposition establishing that he had indeed read the DFU, among other sources, before concluding that Appellant was an appropriate candidate for a mesh implant. Appellant argues that we should consider this newly submitted evidence in reviewing not just the district court's ruling on the motion for reconsideration but also the MDL court's summary judgment ruling. In doing so, Appellant asks us to completely disregard the Federal Rules of Civil Procedure governing summary judgment motion practice.

The Federal Rules of Civil Procedure require parties to cite all evidence in support of their positions at summary judgment, thus permitting a district court to limit its review to such cited materials. *See* Fed. R. Civ. P. 56(c)(1), (3). Clearly, then, we cannot say that the MDL court erred in its summary judgment ruling based on the evidence

7

Appellant cited in opposition to summary judgment. The responsibility to comb through the record in search of facts relevant to summary judgment falls on the parties -- not the court. We therefore affirm the MDL court's partial summary judgment award.

III.

We next consider Appellant's motion to reconsider pursuant to Federal Rule of Civil Procedure 54(b), which we review for an abuse of discretion. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515–16 (4th Cir. 2003). Where a district court issues an interlocutory order such as one for partial summary judgment "that adjudicates fewer than all of the claims," the court retains discretion to revise such order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light. *See Am. Canoe Ass'n*, 326 F.3d at 514–15; *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015). Despite this flexible approach, we also note that where, as here, "the order was entered by one judge and then reviewed by another," courts have held that the latter judge should be hesitant to overrule the earlier determination. *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1460 n.24 (5th Cir. 1992).

Moreover, the discretion Rule 54(b) provides is not limitless. For instance, courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case. *See Canoe Ass'n*, 326 F.3d at 515; *Official Comm. of Unsecured Creditors of*

8

*Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). The law-of-the-case doctrine provides that in the interest of finality, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)); *see Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 68–69 (4th Cir. 1988). Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman*, 845 F.2d at 69). This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (providing "three grounds for amending an earlier [final] judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice").

Under these principles, we conclude that here, the district court did not abuse its discretion by denying the motion to reconsider despite Appellant's citation to additional excerpts of Dr. Kennelly's deposition establishing that he reviewed and was familiar with the DFU. At oral argument, Appellant's counsel asserted that in light of this late

9

revelation, the MDL court's summary judgment award constituted clear error causing manifest injustice. *See* Oral Argument at 11:50–12:15, *Carlson v. Boston Sci. Corp.*, No. 15-2440 (4th Cir. Mar. 24, 2017), http://coop.ca4.uscourts.gov/OAarchive/mp3/15-2440-20170324.mp3. Not so. We have consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment. *See, e.g.*, *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994); *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 661–62 (4th Cir. 1992); *Cartaret Sav. Bank, P.A. v. Compton, Luther & Sons, Inc.*, 899 F.2d 340, 341–42 (4th Cir. 1990). Significantly, the entirety of Dr. Kennelly's deposition testimony was available *well before* summary judgment briefing,[4] and the additional portions of testimony Appellant provided to the district court for "reconsideration" thus did not amount to the type of evidence constituting grounds for a valid motion for reconsideration. *See Canoe Ass'n*, 326 F.3d at 515. We therefore affirm the district court's denial of Appellant's motion for reconsideration.

IV.

In light of the foregoing, the decisions of the MDL court and the district court below are

*AFFIRMED.*

---

[4] The parties deposed Dr. Kennelly on July 2, 2014, yet Appellee moved for summary judgment in the MDL court over six months later, on January 15, 2015. *See* J.A. 94, 124. Appellant provided only twelve pages of that testimony to the MDL court. *See id.* at 260–62.