**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4806**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTHONY SELLERS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, Senior District Judge.  (5:08-cr-00944-MBS-21)

Submitted:  June 30, 2017                    Decided:  July 18, 2017

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, Parks Nolan Small, Federal Public Defender, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Jimmie Ewing, John David Rowell, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Sellers was convicted of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012) (Count 1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and 18 U.S.C. § 2 (2012) (Count 37); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012) (Count 38); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & (e) (2012) (Count 40); and possession with intent to distribute and distribution of a quantity of cocaine within 1000 feet of a school, and aiding and abetting the same, in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a) (2012), and 18 U.S.C. § 2 (Count 41). The district court sentenced Sellers to a mandatory term of life imprisonment on Count 1, 360 months on Count 37, 120 months on Count 40, and 720 months on Count 41, all to run concurrently, and a consecutive 60 months on Count 38, for a total sentence of life plus 60 months.

After an unsuccessful direct appeal, *see United States v. Sellers*, 512 F. App'x 319 (4th Cir. 2013) (Nos. 10-4701/4702/4917) ("*Sellers I*"), Sellers filed a 28 U.S.C. § 2255 (2012) motion, asserting claims of ineffective assistance of counsel, which the district court denied. On appeal, we agreed with Sellers that counsel was ineffective for failing to object on double jeopardy grounds to his convictions and sentences on Counts 37 and 41, but determined that he was otherwise not entitled to relief. Accordingly, we affirmed in part, reversed in part, and remanded to the district court with instructions to vacate

2

Sellers' conviction and sentence on Count 37 and to enter an amended judgment. *United States v. Sellers*, 657 F. App'x 145 (4th Cir. 2016) (No. 15-7222) (*Sellers II*). Upon remand, the district court entered an amended criminal judgment that reimposed the original sentences on the remaining claims without the sentence for Count 37. Sellers timely appealed.

Sellers argues that the district court erred in concluding that this court's mandate precluded a full resentencing. He claims that our mandate in *Sellers II* is inconsistent with the Supreme Court's directive in *Ball v. United States*, 470 U.S. 856 (1985), and that, under *Ball* and § 2255, the district court had the authority to conduct a full resentencing. We review de novo a district court's interpretation of the mandate rule. *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013). Sentencing decisions are reviewed for an abuse of discretion. *Id.*

The mandate rule implements the "doctrine that the mandate of a higher court is controlling as to matters within its compass" by compelling a lower court on remand to comply with a superior court's dictates. *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks omitted). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* It "is a specific application of the law of the case doctrine," *Volvo Trademark Holding Arktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007), which "provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case," with limited exceptions not applicable here, *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)

3

(internal quotation marks omitted); *see United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).

We have reviewed the record on appeal and the parties' briefs and conclude that the amended criminal judgment is substantially consistent with this court's mandate[*] and that the district court did not err in declining to conduct a full resentencing hearing. Accordingly, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although not raised by the parties, we observe that the amended criminal judgment states that the jury found Sellers guilty on Count 37 and that this count was "dismissed on motion of the United States." Given the district court's acknowledgement upon remand of our instructions to vacate Sellers' conviction and sentence on Count 37 and that, consistent with our mandate, the amended criminal judgment omits the sentence for Count 37, we have no doubt that these statements in the amended criminal judgment are clerical errors. We note, however, the district court's authority, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, to correct such a mistake. *See United States v. Pasquantino*, 336 F.3d 321, 335 n.7 (4th Cir. 2003).