**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6544**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

IRVING BENNERMAN,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:13-cr-00091-BO-1)

Argued:  May 9, 2019                                      Decided:  September 5, 2019

Before DIAZ, FLOYD, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.  Judge Richardson wrote a separate opinion concurring in the judgment.

**ARGUED:**  Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Banumathi Rangarajan, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Louis C. Allen, III, Acting Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irving Bennerman appeals the district court's dismissal of his motion under 28 U.S.C. § 2255. The motion challenges Bennerman's federal prison sentence on the ground that he no longer has three violent felony convictions under the Armed Career Criminal Act (the "ACCA"). Because the district court erred by dismissing Bennerman's § 2255 motion based on the law of the case doctrine and Bennerman has satisfied § 2255's procedural requirements, we vacate the judgment and remand for the district court to address the merits of Bennerman's motion.

## I.

In 2014, Bennerman pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to seventeen and a half years in prison under the ACCA because he had three previous violent felony convictions.[1] 18 U.S.C. § 924(e). The three ACCA predicate offenses identified in Bennerman's presentence investigation report ("PSR") are (1) Connecticut first-degree robbery, (2) Connecticut second-degree robbery, and (3) North Carolina discharging a weapon into occupied property. The district court adopted the PSR's findings, and didn't further specify which predicate offenses it relied on or which clause(s) of the ACCA's violent felony definition covered each predicate offense.

---

[1] The statutory maximum for violating 18 U.S.C. § 922(g) is normally ten years. The ACCA designation raised the penalty to a minimum of fifteen years and a maximum of life in prison. 18 U.S.C. § 924(e).

On direct appeal, Bennerman argued that Connecticut first-degree robbery is too broad to qualify as a violent felony (and that his ACCA designation is therefore erroneous) because Connecticut's statute can apply to accessories after the fact who don't participate in the crime itself. We rejected his argument in an unpublished opinion, concluding that first-degree robbery "requires either the defendant or another *participant* to display or threaten the use of a firearm," and that "[a]n accessory after the fact is not a participant in the crime." *United States v. Bennerman*, 585 F. App'x 127, 128 (4th Cir. 2014). Thus, we held the offense is a violent felony under the ACCA's force clause.

Two years later, Bennerman filed a § 2255 motion challenging his ACCA designation. He claimed that Connecticut first- and second-degree robbery don't qualify as violent felonies under the force clause, and can no longer qualify under the ACCA's residual clause because it was invalidated in *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015). In his response to the government's motion to dismiss, Bennerman also argued that his convictions for Connecticut second-degree assault and North Carolina discharging a weapon into occupied property are not violent felonies. The district court dismissed Bennerman's motion, concluding that his argument was barred by the law of the case. It reasoned that our 2014 decision on direct appeal foreclosed further consideration of whether Connecticut robbery satisfies the force clause. But the district court granted a certificate of appealability, noting that "whether Connecticut robbery is a proper ACCA predicate after [*Johnson II*] is an unsettled question." J.A. 54–55.

This appeal followed.

4

## II.

The government first argues that Bennerman's motion is barred on procedural grounds by § 2255's statute of limitations, the law of the case (as the district court held), and procedural default. We consider and reject each of these arguments.

## A.

The government contends that Bennerman's motion is barred by § 2255's one-year statute of limitations. This statutory period typically runs from the date the challenged conviction becomes final. 28 U.S.C. § 2255(f)(1). However, if the Supreme Court recognizes a new right and makes it retroactively applicable on collateral review, the period runs from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

Bennerman's conviction became final when the Supreme Court denied certiorari in his direct appeal on April 20, 2015. *Bennerman v. United States*, 135 S. Ct. 1847 (2015); *see United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) (denial of certiorari petition constitutes a final judgment). He filed his 2255 motion more than one year later (on June 1, 2016), but within a year of the Supreme Court's decision striking down the ACCA's residual clause in *Johnson II*.[2] Therefore, whether Bennerman's motion is time barred depends on whether it asserts a right first recognized in *Johnson II*.

---

[2] The Court held that *Johnson II* is retroactively applicable on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The government says Bennerman's 2255 motion is foreclosed because *Johnson II* concerned the ACCA's *residual* clause, whereas the motion challenges our ruling that Connecticut robbery falls under the ACCA's *force* clause. Bennerman responds that his motion nonetheless sufficiently invokes *Johnson II* because his sentence "may have been predicated" on the residual clause. *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). We agree with Bennerman.

In *Winston*, we held that "when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson II*, the inmate has shown that he 'relies on' a new rule of constitutional law." *Id.* (citation omitted). We declined to require that inmates prove their individual sentences were in fact based on the residual clause, as opposed to the enumerated clause or the force clause, for two primary reasons.

First, where a claim depends on the interplay between *Johnson II*'s invalidation of the residual clause and some other principle of law (such as an interpretation of the force clause), the claim relies on *both* principles in that it would fail if either clause defeated it. *See id.* at 682 n.4. Second, permitting review only where the sentencing court said it was relying on the residual clause would "penalize a movant for a court's discretionary choice not to specify" a clause. *Id.* at 682. Such a result would be arbitrary because sentencing courts aren't required to specify which clause an ACCA sentence is based on, and before *Johnson II* courts had little reason to think the choice would matter. We therefore held in *Winston* that a claim invokes *Johnson II* whenever the challenged sentence could have been

6

based on the residual clause, "regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence." *Id.*

Although *Winston* addressed whether an inmate sufficiently relied on *Johnson II* for purposes of bringing a successive petition under 28 U.S.C. § 2244(b)(2)(A), its holding applies equally to the question of whether an inmate has invoked *Johnson II* for purposes of § 2255's statute of limitations. We implied as much by observing that Winston's petition satisfied the statute of limitations because it was filed "within one year of the Supreme Court's decision in *Johnson II*." 850 F.3d at 680 n.2. Moreover, a uniform interpretation of sections 2244(b)(2)(A) and 2255(f)(3) is supported by the text, structure, and purpose of the statutes. The two provisions use substantially similar language to describe the same triggering event—a development in the law that supports the inmate's claim for relief and removes an otherwise applicable procedural barrier. *Compare* 28 U.S.C. § 2244(b)(2)(A) ("the claim relies on a new rule of constitutional law"), *with id.* § 2255(f)(3) ("the right asserted was initially recognized"). Thus, we apply *Winston* in this case.[3]

Bennerman's 2255 motion satisfies *Winston*'s criterion for invoking *Johnson II* because the ACCA's residual clause could have supported his sentence. The district court didn't specify whether it was relying on the force clause or the residual clause. And although we stated on direct appeal that Connecticut first-degree robbery satisfies the force

---

[3] District courts in this circuit have applied *Winston*'s holding to § 2255's statute of limitations, consistent with the approach we take here. *See, e.g.*, *United States v. Bell*, No. 4:12-CR-68-FL-1, 2018 WL 890072, at *2 (E.D.N.C. Feb. 14, 2018); *United States v. Johnson*, No. 3:02-cr-00015, 2018 WL 834950, at *3 (W.D. Va. Feb. 12, 2018); *United States v. Martin*, No. 4:06cr00049-3, 2017 WL 2601896, at *2–3 (W.D. Va. June 15, 2017).

clause, *see Bennerman*, 585 F. App'x at 128, we could have easily reached the same result by invoking the residual clause—a broad catchall provision that had been held to cover various robbery offenses. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1062–63 (6th Cir. 2014) (collecting cases and holding that Tennessee robbery satisfied the residual clause). Our invocation of the force clause was thus the kind of "non-essential conclusion" that we deemed immaterial in *Winston*.

A potential ground for distinguishing *Winston* merits brief discussion. In *Winston*, the district court didn't specify whether it was relying on the residual clause or the force clause to justify its sentence. By contrast, we expressly specified in Bennerman's direct appeal that his Connecticut first-degree robbery conviction qualified as an ACCA predicate under the force clause. But this is a distinction without a difference. Our rationale in *Winston* applies whether a court makes the nonessential decision *not to specify* a clause or the nonessential decision *to specify* a clause other than the residual clause.[4]

Bennerman's case illustrates our point. At the time of his direct appeal, nothing turned on our decision to invoke the force clause. The issue of which ACCA clause(s) covered Connecticut robbery hadn't been briefed, and we didn't need to reach that issue to affirm. Not surprisingly, then, we offered little analysis in support of our statement

---

[4] District courts in this circuit have similarly recognized that this distinction is unimportant. They have uniformly applied *Winston* to cases where the sentencing court expressly invoked the force clause or the enumerated clause, so long as the residual clause could have supported the sentence. *See, e.g.*, *Cade v. United States*, 276 F. Supp. 3d 502, 506–08 (D.S.C. 2017).

specifying the force clause.  To now use that statement as the basis for denying Bennerman's 2255 motion would fly in the face of our reasoning in *Winston*.

We therefore reject the government's argument that Bennerman's motion is time barred.

B.

Next, the government urges us to affirm the district court's holding that Bennerman's 2255 motion is foreclosed by our decision on direct appeal, which established the law of the case.  We decline to do so.

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted).  It has been applied to serve finality interests in the habeas context, where the normal preclusion principles of res judicata and collateral estoppel don't apply.  *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005).

Importantly however, the law of the case doctrine is more flexible than these other preclusion doctrines.  *Peoples*, 403 F.3d at 847; *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n.3 (4th Cir. 1982) (stating that the law of the case doctrine "is not a matter of rigid legal rule, but more a matter of proper judicial administration").  We have thus recognized exceptions to the doctrine where new evidence becomes available, the controlling law changes, or the prior decision was clearly wrong.  *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).  And the law of the case applies only to issues that have actually been decided.  *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979).

9

Although we did decide on direct appeal that Connecticut first-degree robbery satisfies the force clause, we are persuaded that the issue should be revisited. For one thing, our decision was unpublished, provided little elaboration, and addressed an issue that wasn't necessary to our disposition and hadn't been briefed. More importantly, intervening changes in the law have given our decision a significance that we could not have predicted at the time. *See United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016) ("At the time of [petitioner's] plea agreement, it is fair to say that no one—the government, the judge, or the appellant—could reasonably have anticipated [*Johnson II*].").

As we have explained, our decision to specify the force clause as the basis for our finding that Connecticut robbery is a crime of violence was "nonessential." To treat that decision as binding now would be arbitrary for the reasons identified in *Winston*.

C.

Finally, we reject the government's alternative argument that Bennerman's force clause argument is subject to procedural default because he failed to raise it on direct appeal. True, Bennerman didn't argue before that Connecticut robbery committed by a principal fails to satisfy the force clause. However, this doesn't prevent him from doing so now, because his argument (which depends on a favorable result on both the force clause and the residual clause) wasn't reasonably available before the change in law wrought by *Johnson II*. Our sister circuits have entertained procedurally defaulted *Johnson II* claims due to their previous unavailability, and we conclude that this approach is applicable here. *See Lassend v. United States*, 898 F.3d 115, 122–23 (1st Cir. 2018); *Cross v. United States*, 892 F.3d 288, 294–96 (7th Cir. 2018); *United States v. Snyder*, 871 F.3d 1122, 1127 (10th

10

Cir. 2017). Moreover, procedural default is an affirmative defense that the government failed to raise before the district court and has therefore waived. *See United States v. Pregent*, 190 F.3d 279, 284 n.5 (4th Cir. 1999); *United States v. Barron*, 172 F.3d 1153, 1156–57 (9th Cir. 1999).

In sum, Bennerman's 2255 motion raises a new, previously unavailable claim under *Johnson II*. For the reasons we identified in *Winston*, this is sufficient to clear the statute of limitations bar and related procedural hurdles, including the law of the case and procedural default.

## III.

The district court erred by dismissing Bennerman's § 2255 motion based on the law of the case doctrine. Moreover, as we have discussed, Bennerman has successfully overcome § 2255's procedural threshold requirements. Given the posture of this case, we vacate and remand for the district court to address Bennerman's claims in the first instance.

*VACATED AND REMANDED*

11

RICHARDSON, Circuit Judge, concurring in the judgment:

I agree with my good colleagues that the district court erred in dismissing Bennerman's § 2255 motion based on law of the case. That doctrine does not fully preclude consideration of Bennerman's claim that he should not have been sentenced under the Armed Career Criminal Act. But my rationale differs from the Majority's.

Connecticut defines robbery in the first and second degree by starting with the definition of robbery in the third degree and then adding aggravating circumstances. *See* Conn. Gen. Stat. §§ 53a-133 to -135. These aggravating circumstances differ for first-degree and second-degree robbery. *See id.* After Bennerman's conviction, we held on direct appeal that Bennerman's first-degree robbery conviction was a violent felony under the Armed Career Criminal Act's force clause. We did so relying on an aggravating circumstance specific to first-degree robbery, namely the display or threatened use of a firearm specifically (as opposed to a deadly weapon more generally, which would support a conviction for second-degree robbery). *See United States v. Bennerman*, 585 F. App'x 127, 128 (4th Cir. 2014).

In holding that first-degree robbery satisfied the force clause, we did not address second-degree robbery (or third-degree robbery).[1] Because Bennerman's present challenge to his sentence is predicated, in part, on the claim that his conviction for second-degree robbery is not a crime of violence—a question unanswered in the prior appeal—it

---

[1] Indeed, Bennerman conceded on direct appeal that two of his other convictions—Connecticut second-degree robbery and North Carolina discharge of a weapon into occupied property—qualified as predicate offenses. *Bennerman*, 585 F. App'x at 127.

12

is not barred by the law of the case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (explaining that "the law of the case turns on whether a court previously decided upon a rule of law" (cleaned up)).

So even though we differ on why, I concur in the majority's judgment vacating and remanding Bennerman's case. As for the alternative procedural arguments (statute of limitations and procedural default), I would not reach out to decide those questions. The district court would be just as well equipped as we are to address those issues in the first instance on remand.[2]

---

[2] In his response to the government's motion to dismiss, Bennerman also argued that his North Carolina conviction for discharging a weapon into occupied property is not a violent felony. Because Bennerman did not raise this argument in his initial § 2255 motion and did not press it on appeal (it was not included in the certificate of appealability), the district court should determine whether it is forfeited.