**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1552**

MICHAEL LIVINGSTON; HEATHER LIVINGSTON,

      Plaintiffs – Appellants,

   v.

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES; ANGELA SCOTT; RICHLAND COUNTY SHERIFF'S DEPARTMENT; MISTY PUCKETT, Richland County Deputy Sheriff; DON ROBINSON, Richland County Lieutenant; KEVIN PRESTON,

      Defendants – Appellees,

   and

SUSAN LUBEROFF, M.D.,

      Defendant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:17-cv-01985-JMC)

Argued:  March 10, 2021                        Decided:  April 20, 2021

Before NIEMEYER, MOTZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Ronald L. Richter, Jr., BLAND RICHTER, LLP, Charleston, South Carolina, for Appellants. Andrew Lindemann, LINDEMANN, DAVIS & HUGHES, PA, Columbia, South Carolina; Evan Markus Gessner, NICHOLSON DAVIS FRAWLEY ANDERSON & AYER, Lexington, South Carolina, for Appellees. **ON BRIEF:** Eric S. Bland, Columbia, South Carolina, Scott M. Mongillo, BLAND RICHTER, LLP, Charleston, South Carolina, for Appellants Michael Livingston and Heather Livingston. Robert D. Garfield, CROWE LAFAVE, LLC, Columbia, South Carolina, for Appellees RCSD, Misty Puckett, Don Robinson, and Kevin Preston. Patrick J. Frawley, NICHOLSON DAVIS FRAWLEY ANDERSON & AYER, Lexington, South Carolina, for Appellees South Carolina Department of Social Services and Angela Scott.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from the child abuse investigation of Michael and Heather Livingston ("the Parents") by the South Carolina Department of Social Services and the Richland County Sheriff's Department. The Parents brought suit against these entities and certain employees thereof, alleging violations of 42 U.S.C. § 1983 and various torts. On appeal, the Parents challenge the district court's order granting these Defendants' motions for reconsideration and summary judgment. For the reasons that follow, we affirm.

I.

On September 1, 2013, Heather Livingston noticed a bump on the head of her five-week-old son, Jacson. Heather brought Jacson to Palmetto Children's Hospital, where a CT scan indicated Jacson had a mild skull fracture. Dr. Elizabeth Donahue, a pediatric resident and member of the hospital admitting team, made a diagnosis of nonaccidental trauma.

Subsequently, Dr. Susan Luberoff, a board-certified specialist in general pediatrics and child abuse pediatrics, reviewed Jacson's x-rays. Dr. Luberoff identified other injuries and recommended that Jacson be further examined. An abdominal CT, skeletal survey, and laboratory studies revealed his skull fracture was more serious than initially understood and that he had additional injuries, including ten rib fractures and scrotal bruising. Dr. Luberoff opined that Jacson had been injured through physical abuse, specifically through force applied to his ribcage sufficient to break his ribs.

3

Hospital staff reported these findings to the Sheriff's Department and Social Services, which each sent representatives to the hospital. Heather contacted her husband, Michael Livingston, who brought the couple's two other children, Jacson's twin brother, Joseph, and nine-year-old sister, Hannah, to the hospital. The admitting team examined Joseph and determined that he had sustained seven rib fractures. Dr. Luberoff again concluded the infant's injuries were caused by force applied to his ribcage, and the medical team made a second diagnosis of nonaccidental trauma. The Parents were unable to provide an explanation for the twins' injuries and stated that no one else besides the two of them had access to the twins.

Social Services opened a child protective services investigation and the Sheriff's Department took all three Livingston children into emergency protective custody. Officers detained the Parents. During interrogation, Michael confessed to physically abusing Joseph and Jacson.

The next day, a magistrate judge issued a warrant for Michael's arrest for unlawful conduct toward a child in violation of S.C. Code § 63-05-0070. The following day, a family court judge held a hearing and determined probable cause existed to remove the children from the Livingston home.

Two months later, Heather regained custody of the children. She had the twins re-examined, and the examining doctor found no remaining injuries. The next year, Heather and the twins were diagnosed with a syndrome that causes brittle bones. New doctors concluded that the children's medical records did not contain evidence of abuse and that the twins' rib injuries could have resulted from childbirth.

4

In May 2015, Michael asserted that his confession was coerced, and a state family court judge ruled that Michael's confession was inadmissible in those proceedings. Social Services and the Parents reached a settlement agreement and the State subsequently dropped the criminal charges against Michael. In January 2016, Social Services closed its investigation and the Parents regained custody of their children.

In June 2017, Michael and Heather Livingston filed this civil suit in state court, alleging violations of 42 U.S.C. § 1983 and the torts of malicious prosecution and defamation. The defendants successfully removed the case to federal court.

At the close of discovery, the Sherriff's Department defendants and Social Services defendants — but not Dr. Luberoff — filed motions for summary judgment. On September 20, 2019, the district court entered an order granting summary judgment on one § 1983 claim, but denying summary judgment as to all other claims.

The Sherriff's Department and Social Services Defendants moved for reconsideration, arguing that the first order contained errors of law and fact resulting in manifest injustice. On February 21, 2020, the district court issued an order granting their motions for reconsideration, reversing in part the first order and granting the Sherriff's Department and Social Services Defendants' motions for summary judgment in full. Michael and Heather Livingston noted their appeal.

II.

The Parents first challenge the district court's authority to revise its summary judgment order. We review a district court's grant of a motion for reconsideration for

5

abuse of discretion. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Moreover, "a district court retains the power to reconsider and modify its *interlocutory* judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (emphasis added). The district court's grant of the Sherriff's Department and Social Services Defendants' motions for reconsideration was an interlocutory ruling. This is so because Dr. Luberoff did not move for summary judgment; the Parents' claims against her are still before the district court. The district court did not abuse its discretion in modifying this interlocutory order. Indeed, for the reasons explained below, we believe the modification was entirely warranted given the underlying merits of the claims against these defendants. We turn to the merits.

III.

We review a district court's summary judgment rulings *de novo*. *Cybernet, LLC v. David*, 954 F.3d 162, 167 (4th Cir. 2020). Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

Three claims persist on appeal: Michael's § 1983 claim against the Sheriff's Department defendants, Heather's state law malicious prosecution claim against Social Services, and Michael's state law malicious prosecution claim against the Sheriff's Department defendants. Each claim requires the Parents to demonstrate that no probable cause supported Michael's arrest and the subsequent investigation by Social Services. *See*

6

*Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (a § 1983 claim asserting a Fourth Amendment violation requires the plaintiff to demonstrate that the defendant seized the plaintiff "pursuant to legal process that was not supported by probable cause"); *Jordan v. Deese*, 452 S.E.2d 838, 839 (S.C. 1995) (a claim of malicious prosecution under South Carolina law requires a plaintiff to demonstrate, among other things, "lack of probable cause").

A court determines whether probable cause existed to support an arrest "by a 'totality-of-the circumstances' approach." *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). "While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict." *Id.* (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)).

Michael was arrested for "unlawful conduct toward a child," in violation of S.C. Code Ann. § 63-5-70(B). This statute defines probable cause as "facts and circumstances based upon accurate and reliable information, including hearsay, that would justify a reasonable person to believe that a child subject to a report under this chapter is abused or neglected." S.C. Code Ann. § 63-7-20(22).

The Parents urge us to apply the exclusionary rule to Michael's confession. We need not determine whether the exclusionary rule applies here because even without consideration of the confession the record reveals that probable cause existed at the time of Michael's arrest. Each twin had multiple fractured bones and two doctors — including one specializing in detecting child abuse — believed that the injuries were caused by physical assault. Although, years later, different doctors provided contrary diagnoses, in

7

making the probable cause inquiry, we consider only the information the officers had at the time of the arrest. *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016). Moreover, probable cause does not require that an officer's reasonable belief ultimately be proven correct. *Texas v. Brown*, 460 U.S. 730, 742 (1983). The Parents stated that they were the only adults who had access to the twins, and they were unable to provide any explanation for the children's injuries. From this evidence, officers could reasonably conclude that the Parents were responsible.

The same evidence supports Social Service's abuse and neglect proceedings. Social Services is duty-bound to investigate suspected cases of child abuse, *Jensen v. Anderson Cty Dept. of Social Serv's*, 403 S.E.2d 615, 619 (S.C. 1991), and we have no trouble concluding that the evidence here supported Social Services' actions to protect the Livingston children from potential endangerment.

IV.

In light of our determination that probable cause supported Michael's arrest and the subsequent investigation by Social Services, the Parents' claims must be dismissed. Accordingly, the judgment of the district court is

*AFFIRMED.*

8