**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7366**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

PHILLIP JAMAL JONES,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00012-CCE-1; 1:16-cv-00785-CCE-LPA)

Submitted:  April 19, 2021                       Decided:  April 27, 2021

Before GREGORY, Chief Judge, and MOTZ and HARRIS, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Phillip Jamal Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Jamal Jones seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Our review of the record reveals that the district court did not adjudicate all of the issues raised in Jones' § 2255 motion. Specifically, the court did not consider Jones' claim that counsel rendered ineffective assistance by failing to move to suppress the BB gun and the ankle monitoring data before advising him to plead guilty. Because the district court did not address this claim, we conclude that the order Jones seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699. On remand, the district court will have the discretion to revisit its rulings on the other claims raised in Jones' § 2255 motion. *See* Fed. R. Civ. P. 54(b); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

In light of this disposition, we deny Jones' motion for a certificate of appealability as unnecessary and deny his request for authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*