**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6991**

CHAWNTEL MCCOY,

Plaintiff - Appellant,

v.

CORRECTIONAL OFFICER ENDICOTT, individually and in his official capacity;
CORRECTIONAL OFFICER HALE, individually and in his official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at
Huntington.  Robert C. Chambers, District Judge.  (3:18-cv-01546)

Submitted:  April 30, 2024                                    Decided:  May 22, 2024

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kerry A. Nessel, THE NESSEL LAW FIRM, Huntington, West Virginia,
for Appellant.    William E. Murray, ANSPACH MEEKS ELLENBERGER PLLC,
Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chawntel McCoy filed a complaint alleging that Correctional Officers Chad Hale and Travis Endicott ("Defendants") used excessive force against her when she was a pretrial detainee, in violation of 42 U.S.C. § 1983 and state law. The district court granted Defendants' motion for summary judgment on McCoy's § 1983 excessive-force claim and denied McCoy's motion for reconsideration.[*] We dismissed McCoy's appeal of those orders for lack of jurisdiction, concluding that the district court had not entered a final order because the court had not addressed McCoy's claims arising under state law. *McCoy v. Endicott*, No. 19-7621, 2021 WL 5320862 (4th Cir. Nov. 16, 2021) (argued but unpublished). Thereafter, Defendants filed a motion for summary judgment on McCoy's state law claims, which the district court granted. McCoy now appeals all three orders.

After a careful review of the record, we conclude that the district court correctly determined that the surveillance video demonstrates that the use of force was objectively reasonable and that the evidence adduced during discovery does not alter this conclusion. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (instructing courts to examine force used against pretrial detainees based on perspective and knowledge of reasonable officer). And because McCoy relies exclusively on her excessive-force and qualified-immunity arguments to support her state law claims, those claims also fail.

---

[*] The district court correctly construed McCoy's motion for reconsideration as arising under Fed. R. Civ. P. 54(b) because there were still outstanding claims against other defendants at the time.

2

Accordingly, we affirm for the reasons stated in the district court's thorough opinions. *McCoy v. Ferguson*, No. 3:18-cv-01546 (S.D.W. Va. Aug. 13 & Oct. 3, 2019 & Aug. 3, 2022); *see Roberts v. Gestamp W. Va., LLC*, 45 F.4th 726, 732 (4th Cir. 2022) (summary judgment standard); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (Rule 54(b) standard).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*